PER CURIAM.
This suit for damages was filed by James Jones and Gwendolyn Jones, individually and on behalf of their minor children, Jami-son and J’Quincy; and by Nolan R. Brown, Sr. and Carolyn Brown, individually and on behalf of their minor children, Rasheta, Shaeta, Jamil and Nolan. The following have been named as defendants: Georgia Gulf Corporation, Georgia-Pacific Corporation, Georgia Pacific Chemicals, Inc. and certain individuals. The plaintiffs are seeking damages for their alleged exposure to industrial air pollutants emitted by the defendants.
The defendants filed the dilatory exception raising the objection of lack of procedural capacity and the peremptory exception raising the objection of prescription. The trial court maintained both exceptions.
At the hearing of these exceptions, the trial judge made a factual determination based on the plaintiffs’ own testimony that the plaintiffs had discovered or should have discovered the facts, upon which their cause of action was based, more than one year prior to the filing of their petition. The plaintiffs argue that the trial court erred in making this finding since the tort committed by the defendants was a continuing one.
The facts alleged in the plaintiffs’ petition are insufficient to support a finding that the tort with respect to these plaintiffs was a continuing one. None of the plaintiffs resided near the Georgia Gulf facility. The plaintiffs only occasionally visited the community in which the plant was located. The facts simply do not support the plaintiffs’ contention that they were exposed to the alleged chemical emission on a continuous basis. The trial court did not err in granting the defendants’ exception of prescription.
The plaintiffs’ suit names several minor children as plaintiffs. According to La.Code Civ.P. art. 683, minor children do not have procedural capacity to sue. Furthermore, the plaintiffs’ petition failed to establish the capacity of the alleged parents to sue on behalf of the named minors, i.e. marriage of the parents or appointment of their mother as tutrix. The plaintiffs were granted 30 days in which to amend their petition to properly allege procedural capacity. Dismissal following the plaintiffs’ failure to timely amend was proper.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiffs-appellants’ costs.
AFFIRMED.